UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STATE NATIONAL INSURANCE COMPANY

Plaintiff,

-against-

AMERICAN FIRE AND CASUALTY COMPANY and GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY

Defendants
------------------------------------------------------------------X
AMERICAN FIRE AND CASUALTY COMPANY

Defendant-Third Party Plaintiff

-against-

GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY

Third-Party Defendant
------------------------------------------------------------------X

DOCKET NO:
1:25-cv-8309

**AMENDED COMPLAINT**

Plaintiff, STATE NATIONAL INSURANCE COMPANY by its attorneys, STONBERG HICKMAN & PAVLOFF, LLP, as and for its Amended Complaint against the defendants AMERICAN FIRE AND CASUALTY COMPANY and GREAT AMERICAN RISK SOLUTIONS SURPLUS LINES INSURANCE COMPANY alleges the following:

## PARTIES

1. State National Insurance Company ("SNIC") is a Texas corporation with its principal place of business in Texas.

2. SNIC is licensed to issue insurance policies in the State of New York.

3. American Fire and Casualty Company ("AFCC") is an insurance company organized pursuant to the laws of the State of New Hampshire, with its principal place of business located at 175 Berkeley Street in Boston, MA 02116.

4. AFCC is authorized to issue insurance in the State of New York.

5. Great American Risk Solutions Surplus Lines Insurance Company ("Great American") is an insurance company organized under the laws of the State of Ohio, with its principal place of business located at 301 E. Fourth St., Cincinnati, OH 45202.

6. Great American is a surplus lines insurer eligible to underwrite surplus lines insurance in the State of New York.

**THE UNDERLYING ACCIDENT AND LAWSUIT**

7. On or about September 21, 2016, Mark T. Henry ("Henry"), while employed by Metro Erectors, Inc. ("Metro") alleges that he was injured while working at 233 Landing Road, Bronx, NY ("Project") ("Accident").

8. In 2017, Henry filed an action in New York State Supreme Court, Bronx County, Index No. 26129/17 ("Underlying Suit") against, *inter alia*, West 25th Street Housing Development Fund Corporation, The City of New York, BRC, Landing Road I Housing Development Fund Corporation and Bowery Residents' Committee (collectively "the West 25th Street Defendants") and the J. Pilla Group Ltd. ("Pilla") seeking money damages for the injuries he allegedly sustained in the Accident.

9. In 2018, Pilla filed a third-party action against Boccella Precast LLC ("Boccella") alleging that if Pilla was responsible for the Accident, it was entitled to indemnification from Boccella.

10. In 2018, Pilla filed a third-party action against Metro Erectors, Inc. ("Metro") alleging that if Pilla was responsible for the Accident, it was entitled to indemnification from Metro.

11. In 2019, the West 25th Street Defendants filed a third-party action against Boccella alleging that if the West 25th Street Defendants were responsible for the Accident, they were entitled to indemnification from Boccella.

12. In 2019, the West 25th Street Defendants filed a third-party action against Metro alleging that if the West 25th Street Defendants were responsible for the Accident, they were entitled to indemnification from Metro.

## THE RELEVANT CONTRACTS

13. On September 4, 2015, Pilla entered into a contract with Boccella for Boccella to perform work at the project ("Contract").

14. The Contract required Boccella to furnish, deliver and install hollow core concrete planking ("Planking") for the Project.

15. The Contract was executed on behalf of Pilla on September 4, 2015.

16. The Contract was executed on behalf of Boccella on May 18, 2016.

17. The Contract included a provision requiring Boccella to procure general liability insurance with minimum limits of $1,000,000 per occurrence, $2,000,000 in the aggregate, for claims arising out of Boccella's work.

18. The Contract required that the insurance procured by Boccella include additional insured coverage for Pilla on a primary and non-contributory basis.

19. On October 13, 2015, Pilla contracted with Breton for Breton to supply and install structural steel for the Project.

20. On June 24, 2016, Les Strutures Breton Inc. (“Breton”) Boccella contracted with Metro for Metro to perform Breton’s scope of work pursuant to Breton’s contract with Pilla (“Metro Subcontract”).

21. The Metro Subcontract also required Breton to supply and install safety cable wire and posts for the Project.

22. The Metro Subcontract included a provision requiring Metro to procure general liability insurance with minimum limits of $1,000,000 per occurrence for claims arising out of Metro’s work.

23. The Metro Subcontract required that the insurance procured by Metro include additional insured coverage for Pilla on a primary and non-contributory basis.

**DISCOVERY AND MOTION FOR SUMMARY JUDGMENT IN UNDERLYING SUIT**

24. The Accident occurred while Henry was using a jack to raise a Plank.

25. The jack Henry was using was owned by Metro.

26. Henry received his instructions regarding his work from his supervisor at Metro.

27. Boccella contracted to furnish, deliver and install the Planking at the Project.

28. Boccella hired Metro to perform the actual installation and erection of the Planking at the Project.

29. Metro was hired by Boccella to install Planking at the Project.

30. Henry was working for Metro in furtherance of Metro’s work at the Project at the time of the Accident.

31. Henry argued, in summary judgment motions in the Underlying Suit, that there were no safety cables or safety netting to prevent the Accident.

32. When deciding summary judgment motions, the court in the Underlying Suit determined that the Accident occurred in the course of Boccella's work through Henry's employer, Metro.

33. The Court in the Underlying Suit also found questions of fact "as to whether the safety cables and netting installed around the perimeter of the construction site were faulty or otherwise inadequate for plaintiff to perform his work safely."

34. The Court in the Underlying Suit granted the West 25th Street Defendants' summary judgment on their contractual indemnification claim against Boccella.

## SETTLEMENT OF UNDERLYING SUIT

35. In November, 2025, the claims made by Henry in Underlying Suit settled.

36. The settlement preserved the third-party claims by Pilla and the West 25th St. Defendants against Bocella and Metro.

37. The settlement in the Underlying Suit was paid entirely by Great American.

## INSURANCE POLICIES

SNIC Policy

38. SNIC issued a primary policy of insurance to Pilla, policy CTM 1600085 effective May 12, 2016 to May 12, 2017 (the "SNIC Policy").

39. The SNIC Policy provides coverage with liability limits of $2,000,000 per occurrence, $4,000,000 in the aggregate.

40. The SNIC Policy was in effect at the time of the Accident.

41. The SNIC Policy provides coverage to Pilla for the Accident and the Underlying Suit.

42. The SNIC Policy specifies that the coverage it provides to Pilla for the Accident is excess over any other insurance available to Pilla that provides additional insured coverage to Pilla.

43. SNIC defended Pilla in the Underlying Suit.

44. The SNIC Policy provides additional insured coverage to the West 25th Street Defendants for the Accident and the Underlying Suit.

45. SNIC defended the West 25th St. Defendants in the Underlying Suit.

AFCC Policy

46. AFCC issued a Commercial Lines Policy, with a Commercial General Liability Coverage Part, No. BKA (17) 53 72 81 61, with a policy period from January 22, 2016 through January 22, 2017, to Boccella Precast LLC as the Named Insured (the "AFCC Policy").

47. The AFCC Policy provides coverage with liability limits of $1,000,000 per occurrence, $2,000,000 in the aggregate.

48. The AFCC Policy was in effect at the time of the Accident.

49. AFCC agreed to indemnify Boccella in the Underlying Suit without reservation or any denials of coverage.

50. The AFCC Policy contains the following Additional Insured Endorsement:

> G. ADDITIONAL INSURED - BY CONTRACT, AGREEMENT OR PERMIT
>
> 1. Paragraph 2. Under Section II - Who Is An Insured is amended to include as an insured any person or organization whom you have agreed to add as an additional insured in a written contract, written agreement o permit. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
>    a. Your acts or omissions, or the acts or omissions of those acting on your behalf, in the performance of your ongoing operations for the additional insured that are the subject of the written contract or written agreement provided that the "bodily injury" or "property damage" occurs, or the "personal and

advertising injury" is committed, subsequent to the signing of such written contract or written agreement;

51. The Contract was executed before the Accident.

52. The Accident was caused, in whole or in part, by either Boccella's or its subcontractor, Metro's, acts or omissions in the performance of Metro's ongoing operations for Boccella at the Project.

53. AFCC therefore owes additional insured coverage, both a defense and indemnification, to Pilla for the Accident and Underlying Suit.

54. The AFCC Policy contains a primary and non-contributory endorsement, placing the additional insured coverage provided by AFCC for Pilla as excess over any insurance issued to an additional insured, where required by contract.

55. The Contract requires the additional insured coverage provided by Boccella to Pilla to be primary and non-contributory to Pilla's own insurance.

56. AFCC therefore provides primary and non-contributory additional insured coverage, both defense and indemnity, to Pilla for the Accident and the Underlying Suit.

57. The AFCC Policy is primary to and does not contribute with the coverage provided by SNIC to Pilla for the Accident and the Underlying Suit.

58. By way of a letter dated September 27, 2016, Pilla, through SNIC, demanded that AFCC defend and indemnify Pilla under the AFCC Policy for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy

59. By way of a letter dated September 15, 2017, Pilla, through its defense counsel in the Underlying Suit, demanded that AFCC defend and indemnify Pilla under the AFCC Policy for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy.

60. By way of a letter dated November 14, 2017, AFCC wrongfully denied both a defense and indemnification to Pilla under the AFCC policy contending "there is no allegation or information that plaintiffs (sic) injuries were caused in whole or in part by the acts or omissions of Boccella Precast in the performance of its ongoing operations for J. Pilla."

61. Subsequent tenders for additional insured coverage for Pilla were made to AFCC on May 14, 2020 and February 28, 2025.

62. AFCC wrongfully failed to respond to the May 14, 2020 or February 28, 2025 letters.

63. AFCC has wrongfully refused to acknowledge its obligation to defend or indemnify Pilla for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy.

64. AFCC is also obligated to pay the West 25th St. Defendants claims for contractual indemnification awarded against Bocella.

Great American Policy

65. Great American issued a commercial general liability policy identifying Metro as the named insured, policy number 16CG0204460, effective June 30, 2016 to June 30, 2017 ("Great American Policy").

66. The Great American Policy provides coverage with liability limits of $1,000,000 per occurrence, $5,000,000 in the aggregate.

67. The Great American Policy was in effect at the time of the Accident.

68. Great American agreed to defend Boccella in the Underlying Suit.

69. Great American agreed to indemnify Bocella in the Underlying Suit.

70. Great American agreed to defend Metro in the Underlying Suit.

71. Great American agreed to indemnify Metro in the Underlying Suit.

72. The Great America Policy contains the following Additional Insured Endorsement:

> A. Section II - Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

73. The Schedule referenced in the above endorsement specified:

> Any person or organization where required by written contract to be added as an additional insured, provided the "bodily injury", "property damage", or "personal and advertising injury" occurs subsequent to the execution of the contract or agreement.

74. The Metro Subcontract was executed before the Accident.

75. The Accident was caused, in whole or in part, by Metro's, acts or omissions in the performance of Metro's ongoing operations for Pilla at the Project.

76. Great American therefore owes additional insured coverage, both a defense and indemnification, to Pilla for the Accident and Underlying Suit.

77. The Great American Policy contains a primary and non-contributory endorsement, placing the additional insured coverage provided by Great American for Pilla as primary to any insurance issued to an additional insured, where required by contract.

78. The Metro Subcontract requires the additional insured coverage provided by Metro to Pilla to be primary and non-contributory to Pilla's own insurance.

79. Great American therefore provides primary and non-contributory additional insured coverage, both defense and indemnity, to Pilla for the Accident and the Underlying Suit.

80. The Great American Policy is primary to and does not contribute with the coverage provided by SNIC to Pilla for the Accident and the Underlying Suit.

81. By way of a letter dated September 1, 2017, Pilla, through its defense counsel in the Underlying Suit, demanded that Great American defend and indemnify Pilla under the Great American Policy for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy.

82. By way of a letter dated October 24, 2017, Great American wrongfully denied both a defense and indemnification to Pilla under the Great American policy contending that no additional insured coverage was required for Pilla.

83. A subsequent tender for additional insured coverage for Pilla was made to Great American on May 14, 2020.

84. Great American again wrongfully denied additional insured coverage to Pilla in a letter dated June 19, 2020

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST AFCC**

85. SNIC repeats, reiterates, and realleges each and every allegation set forth in paragraphs “1” through “84” as though fully set forth therein.

86. AFCC provides primary and non-contributory additional insured coverage to Pilla for the Accident and the Underlying Suit under the AFCC Policy before the triggering of the SNIC Policy.

87. AFCC has refused to acknowledge its obligation to defend Pilla for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy.

88. A justiciable controversy therefore exists between SNIC on the one hand and AFCC on the other hand, concerning the additional insured coverage AFCC owes to Pilla for the Accident and the Underlying Suit.

89. SNIC has no adequate remedy at law.

90. SNIC therefore respectfully requests that this Court render a declaratory judgment pursuant to 22 USC §2201 and FRCP Rule 57, declaring that AFCC must defend Pilla on a primary and non-contributory basis for the Accident and the Underlying Suit under the AFCC Policy before the triggering of the SNIC Policy.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST AFCC**

91. SNIC repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "90" as though fully set forth therein.

92. AFCC provides primary and non-contributory additional insured coverage to Pilla for the Accident and the Underlying Suit under the AFCC Policy before the triggering of the SNIC Policy.

93. AFCC has refused to acknowledge its obligation to defend Pilla for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy in violation of AFCC's obligations under the AFCC Policy.

94. Because of AFCC's wrongful refusal to defend Pilla for the Accident and the Underlying Suit, SNIC was forced to expend money to defend Pilla in the Underlying Suit.

95. AFCC is therefore obligated to reimburse SNIC for all monies paid by SNIC to defend Pilla in the Underlying Suit from the date of the initial tender to the present, with interest.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST AFCC**

96. SNIC repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "95" as though fully set forth therein.

97. SNIC paid to defend the West 25th St. Defendants in the Underlying Suit.

98. AFCC insures Bocella for the award of contractual indemnification against Bocella by the West 25th Street Defendants.

99. AFCC is therefore obligated to reimburse the defense costs incurred by the West 25th Street Defendants to defend the Underlying Suit.

100. AFCC has not paid the defense costs incurred by the West 25th Street Defendants to defend the Underlying Suit.

101. AFCC is therefore obligated to reimburse SNIC for all monies paid by SNIC to defend the West 25th St. Defendants in the Underlying Suit, with interest

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST GREAT AMERICAN**

102. SNIC repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "101" as though fully set forth therein.

103. Great American provides primary and non-contributory additional insured coverage to Pilla for the Accident and the Underlying Suit under the Great American Policy before the triggering of the SNIC Policy.

104. Great American has refused to acknowledge its obligation to defend Pilla for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy.

105. A justiciable controversy therefore exists between SNIC on the one hand and Great American on the other hand, concerning the additional insured coverage Great American owes to Pilla for the Accident and the Underlying Suit.

106. SNIC has no adequate remedy at law.

107. SNIC therefore respectfully requests that this Court render a declaratory judgment pursuant to 22 USC §2201 and FRCP Rule 57, declaring that Great American must defend Pilla on a primary and non-contributory basis for the Accident and the Underlying Suit under the Great American Policy before the triggering of the SNIC Policy.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST GREAT AMERICAN**

108. SNIC repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "105" as though fully set forth therein.

109. Great American provides primary and non-contributory additional insured coverage to Pilla for the Accident and the Underlying Suit under the Great American Policy before the triggering of the SNIC Policy.

110. Great American has refused to acknowledge its obligation to defend Pilla for the Accident and the Underlying Suit on a primary and non-contributory basis before the triggering of the SNIC Policy in violation of Great American's obligations under the Great American Policy.

111. Because of Great American's wrongful refusal to defend Pilla for the Accident and the Underlying Suit, SNIC was forced to expend money to defend Pilla in the Underlying Suit.

112. Great American is therefore obligated to reimburse SNIC for all monies paid by SNIC to defend Pilla in the Underlying Suit from the date of the initial tender to the present, with interest.

***WHEREFORE***, STATE NATIONAL INSURANCE COMPANY demands judgment on its causes of action together with costs, disbursements, attorneys' fees and interest, and such other and further relief as this Court may deem just and proper.

Date: New York, New York
January 30, 2026

STONBERG HICKMAN & PAVLOFF, LLP
Attorneys for Plaintiffs
STATE NATIONAL INSURANCE COMPANY

By:______________________________
Sherri N. Pavloff
505 Eighth Avenue, Suite 2302
New York, New York 10018
(212) 231-2220
File No.: 40531

TO: VIA ECF

Marshall Potashner, Esq,.
JAFFE & ASHER LLP
Attorneys for Defendant
AMERICAN FIRE AND CASUALTY COMPANY
445 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000

John McKenna, Esq.
Daniel McFaul, Esq.
L' ABBATE BALKAN COLA VITA & CONTINI
Attorneys for Third-Party Defendant
GREAT AMERICAN RISK SOLUTIONS
SURPLUS LINES INSURANCE COMPANY
3 Huntington Quadrangle, Suite 102-S
Melville, New York 11747
(516) 294-8844